IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

```
SOUTHERN DISTRICT OF MISSISSIPPI
F I L E D

MAR 25 2014

ARTHUR JOHNSTON
BY_____ DEPUTY
```

CAROLINE MAHAFFEY                                            PLAINTIFF

VERSUS                                  CAUSE NO.: 1:14CV142LG-JMR

BOYD GAMING CORPORATION; AND
JOHN AND JANE DOES A; B; C; AND D                            DEFENDANTS

## COMPLAINT
### (JURY TRIAL REQUESTED)

COMES NOW THE PLAINTIFF, by and through undersigned counsel, and file their

Complaint against Defendants, Boyd Gaming Corporation and John and Jane Does A-D and for

cause would respectfully state unto the Court the following, to-wit:

1.   Plaintiff, Caroline Mahaffey is an adult resident citizen of the state of South Carolina.

2.   The Defendant, Boyd Gaming Corporation ("Boyd") is a foreign corporation doing

business in the State of Mississippi as Imperial Palace Casino & Resort, who committed a tort in

the State of Mississippi which is incorporated in the State of Nevada, and with its principal place

of business located at 3883 Howard Hughes Parkway, Fifth Floor, Las Vegas, NV 89169. Boy

Gaming Corporation may be served with process on its agent for service of process Toni Burns

at 1477 Casino Strip Blvd. and P.O. Box 220, Robinsonville, MS 38664 in the time and manner

prescribed by law.

3.   Defendant, John and Jane Does A-D are individuals, corporations, or other entities that

caused or contributed to the injuries and damages of the Plaintiff addressed herein, but whose

identities are at present unknown to the Plaintiff. Plaintiff will amend her Complaint at a future

date to properly identify John and Jane Doe Defendants, if any, once their true identity(s) are

learned, and their liability ascertained.

## JURISDICTION AND VENUE

4.  This civil action is instituted pursuant to 28 USCA § 1332, Diversity of Citizenship. The amount in controversy exceeds $75,000.00 exclusive of interest and costs.

5.  Venue in this civil action is appropriate in this Court pursuant to 28 USCA § 1391, as a substantial part of the events or omissions giving rise to the claims of the Plaintiff occurred, and a substantial part of property that is the subject of this actions is situated in Southern Division of this Court specifically Biloxi, Mississippi.

## FACTS AND CAUSES OF ACTION

6.  Plaintiff hereby incorporates the above paragraphs as if fully copied herein.

7.  On or about October 25, 2013, Plaintiff was present as a business invitee on the premises of Boyd's hotel and casino and was present on said premises for the express purpose of entertainment. At all times material hereto, Plaintiff was lawfully and properly on the premises of Boyd in answer to express or implied invitation of Boyd for the purpose of entertainment, and as such, Plaintiff was a business invitees of Boyd.

8.  While Caroline Mahaffey was present on Boyd's premises on or about October 25, 2013, exercising due care for her own safety, Ms. Mahaffey was severally injured when she fell as a result of a substance (beverage) in the elevator lobby located on the tenth and/or twelfth floor of Boyd's hotel.  At the time of Ms. Mahaffey's fall, approximately 8:35 a.m., there were no warnings to business invitees such as Ms. Mahaffey of the dangerous condition existing directly outside its elevator in the subject elevator lobby.

9.  Ms. Mahaffey exited the elevator to the floor lobby when suddenly and without warning she immediately slipped on a spilled beverage and/or fruit contained in said spilled beverage. The spilled beverage had been spilled on the lobby floor (hardwood / smooth surface) for some

period of time as the liquid content had dried leaving exposed fruit. The exposed fruit caused Ms. Mahaffey to fall. As a direct result of the fall, Ms. Mahaffey suffered a severe injury to her left arm. The injury is of such severity that Ms. Mahaffey has suffered nerve damage which has rendered her left arm / hand substantially and/or permanently damaged.

10. The injuries and damages of the Plaintiff set forth herein are a direct and proximate result of the negligence, recklessness, carelessness, and/or gross negligence of Boyd.

## NEGLGIENCE / GROSS NEGLIGENCE: BOYD

11. By reference, each of the preceding paragraphs are adopted and incorporated herein

12. Plaintiff would show that it is the duty of Boyd to use ordinary and reasonable care and diligence to protect their business invitees, including Ms. Mahaffey, from dangerous conditions which may potentially cause injury. Plaintiff would show that Boyd is responsible for the operation, inspection, and maintenance of the premises, and in particular, to use ordinary and reasonable care and diligence in the inspection and maintenance of their elevator lobby floors including but not limited to the operation, inspection, and maintenance of elevator lobby floors to make sure said area is safe and will not cause injuries such as suffered by Ms. Mahaffey.

13. Boyd knew, or by exercise of reasonable care should have known, its invites, including the Plaintiff, would use and occupy, and who were invited to use and occupy, Boyd's elevator lobbies. Boyd further has a duty to maintain their facilities in such a manner as to be free from all defects and conditions which would render Boyd's business dangerous and unsafe for its invitees, including Ms. Mahaffey, and/or which would present an unreasonable risk of harm to its invitees, including Ms. Mahaffey, in their lawful and expected use of the premises and facilities.

3

14. Plaintiffs would further show that it was the duty of Boyd by inspection or other affirmative act, to exercise reasonable care to protect business invitees, such as Ms. Mahaffey, from the dangers of reasonably foreseeable occurrences and injuries occurring as a result of dangerous conditions existing and located on Boyd's property. Plaintiff further alleges Boyd had a duty, either by inspection or other affirmative acts, to exercise reasonable care to protect their invitees, including Ms. Mahaffey, from foreseeable harm; to ensure that safety is maintained on its premises; to maintain its premises in a safe condition, free from conditions which would cause harm and injury to its invitees, such as Ms. Mahaffey; to exercise reasonable care to protect Ms. Mahaffey from injuries resulting from unsafe conditions on Boyd's premises, and/or negligence of Boyd, such as the failure to properly inspect and/or investigate the dangerous conditions within Boyd's elevator lobby(s) from injury similar to the Plaintiff's; and to warn its invitees, including the Plaintiff, of the existence of known dangerous conditions and/or dangerous conditions which the Boyd did know, or, should have known about upon exercise of reasonable care and inspection, such as the condition which caused Ms.. Mahaffey's injuries.

15. Plaintiff would further show that it was the duty of Boyd to provide sufficient personnel and equipment to properly inspect and maintain the premises in a manner and condition reasonably calculated to keep said premises safe and free of unreasonably dangerous conditions for Boyd's invitees, including Ms. Mahaffey. Plaintiff would also show that it was the duty of Boyd to warn the Plaintiff of the dangerous conditions on its premises, including the dangerous condition in Boyd's vending room located on the seventh floor that proximately caused Ms. Mahaffey's injuries. Boyd knew, or in the exercise of reasonable care, should have know of the dangerous condition pertaining to Boyd's elevator lobby, including but not limited to the subject elevator lobby, and failed to warn Ms. Mahaffey of said dangerous condition.

16. Boyd (and possibly John and Jane Doe Defendants A-D) is liable to the Plaintiff for the aforementioned acts of negligence, and is liable for the following acts of negligence, negligence per se, recklessness, carelessness, and/or gross negligence, which conduct caused or contributed to the injuries and damages suffered by the Plaintiff:

a. Negligently, Recklessly, Carelessly, and/or Grossly Negligently failed to use ordinary care to maintain the premises in a reasonably safe condition for use in a manner consistent with the purpose of Boyd's invitation to the Plaintiff as an invitees;

b. Negligently, Recklessly, Carelessly, and/or Grossly Negligently failed to make reasonable efforts to maintain their premises in a reasonably safe condition for their invitees, including the Plaintiff;

c. Negligently, Recklessly, Carelessly, and/or Grossly Negligently failed to make reasonable repairs to dangerous conditions Boyd, knew, created the dangerous condition or in the exercise of reasonable care should have known, existed on its premises, which conditions Boyd knew, created condition or in the exercise of reasonable care should have known, posed unreasonable risks of injury, danger, and hazards to its invitees, including the Plaintiff;

d. Negligently, Recklessly, Carelessly, and/or Grossly Negligently failed to provide sufficient personnel and/or equipment to properly inspect and maintain the premises in a manner and condition reasonably calculated to keep the premises safe, and free of unreasonably dangerous conditions, for Boyd's invitees, including the Plaintiff;

e. Negligently, Recklessly, Carelessly, and/or Grossly Negligently failed to exercise reasonable and/or ordinary care and diligence to protect their invitees, including the Plaintiff, from conditions which are dangerous and which may potentially cause injury on the premises of Boyd's entertainment business;

f. Negligently, Recklessly, Carelessly, and/or Grossly Negligently failed to exercise reasonable and/or ordinary care and diligence in the maintenance of Boyd's premises, including the failure to properly inspect and/or investigate the dangerous condition(s) within Boyd's subject elevator lobby(s), including the condition which caused the injuries and damages to the Plaintiff;

g. Negligently, Recklessly, Carelessly, and/or Grossly Negligently failed to maintain their premises in such a manner as to be free from all defects and conditions which would render Boyd's business dangerous and unsafe for their invitees, including the Plaintiff;

h. Negligently, Recklessly, Carelessly, and/or Grossly Negligently failed to maintain their facilities in such a manner as to be free from all defects and conditions which would present an unreasonable risk of harm to its invitees, including the Plaintiff, in their lawful use of the premises;

i. Negligently, Recklessly, Carelessly, and/or Grossly Negligently failed to exercise reasonable care to protect the Plaintiff from the dangers of reasonably foreseeable injuries occurring as a result of dangerous conditions on Boyd's premises, which were known, or by exercise of reasonable care should have been known, to Boyd;

j. Negligently, Recklessly, Carelessly, and/or Grossly Negligently failed to exercise reasonable care to protect their invitees, including the Plaintiff, from reasonable foreseeable harm;

k. Negligently, Recklessly, Carelessly, and/or Grossly Negligently failed to ensure that reasonable safe conditions were maintained on Boyd's premises;

l. Negligently, Recklessly, Carelessly, and/or Grossly Negligently failed to exercise reasonable care to protect the Plaintiff from injuries resulting from unsafe conditions in which

Boyd knew, or through exercise of reasonable care should have known, were in existence, including the absence and/or failure to repair / clean and/or prevent the dangerous conditions within Boyd's elevator lobby(s), including the subject elevator lobby, which was to be used by invitees, such as Ms. Mahaffey, which proximately caused the Plaintiff to be severely injured and caused resulting damages;

m. Negligently, Recklessly, Carelessly, and/or Grossly Negligently failed to maintain its premises free from conditions which would foreseeably cause harm and injury to its invitees, including the Plaintiff;

n. Negligently, Recklessly, Carelessly, and/or Grossly Negligently failed to warn its invitees, including the Plaintiff, of the existence of known conditions, such as the condition that caused Plaintiff's injuries, the existence of which could reasonably be anticipated to cause injury and harm, such as the injuries and harm suffered by the Plaintiff;

o. Other acts of negligence, recklessness, carelessness, and/or gross negligence causing or contributing to the injuries and damages of the Plaintiff as will be shown at the trial of this cause.

17. At all times herein mentioned, the employees, representatives, and agents of Boyd (and possibly John and Jane Doe Defendants A-E) is vicariously liable for the negligent, careless, reckless, and/or grossly negligent acts and/or omissions of its employees, representatives, and agents.

## DAMAGES

18. By reference, each of the preceding paragraphs are adopted and incorporated herein.

19. But for Boyd's acts of negligence, gross negligence and other causes of action described in each of the preceding paragraphs, Plaintiff would not have suffered the injuries and damages complained of herein. The negligent and grossly negligent and other outlined conduct of Boyd,

discussed herein above, were the proximate and/or contributing cause of the injuries and damages by the Plaintiff.

20. As a direct and proximate result of the negligence, gross negligence, and other conduct of Boyd (and possibly John and Jane Doe Defendants A-E) as set forth above, the Plaintiff, Caroline Mahaffey, sustained and suffered numerous injuries and damages, including but not limited to:

a. Severe physical injuries to her body;

b. Pain related insomnia and related general degeneration in health and well being;

c. Months of medical treatment and therapy, which ultimately will require invasive surgery;

d. Physical pain, nervous shock, emotional distress, and mental anguish arising from the severity of the subject injuries; her injuries and resulting inability to perform and enjoy her life; chronic pain; and anticipated discomfort, pain and disability for the rest of her life;

e. As a result of his physical injuries, which have been generally described in the preceding paragraphs, it is necessary for the Plaintiff to make and incur, and she did make and incur, certain expenditures and obligations for medical, rehabilitative and hospital care and attention. Plaintiff's treating physicians and specialists have advised the Plaintiff of the need for additional medical treatment in the future, and on such information and belief the Plaintiff alleges it will be necessary for the Plaintiff, in the future, to expend further substantial sums of money for medical care, treatment, rehabilitation, and attention. The exact amount of all such expenses and obligations so incurred and to be incurred by the Plaintiff in the future cannot be presently ascertained.

f. Loss of enjoyment of life;

8

g. Medical expenses, past and future, including but not limited to expenses for hospital bills, doctor's care, therapy and treatment, and medication;

h. Plaintiff's injuries caused in the past and will cause in the future the Plaintiff to suffer physical pain and mental anguish;

i. Additionally, as a result of Boyd's negligence, carelessness, recklessness, and/or gross negligence, and Plaintiffs' resulting injuries, the Plaintiffs incurred many out of pocket expenses which they otherwise would not have incurred, including but not limited to cost of prescription and over the counter medications, and the costs and expenses associated with travel to and from doctors' visits, the amount of which has not been specifically calculated.

j. Lost Wages, Past and Future; and

k. Loss of Wage Earning Capacity

21. Plaintiff would show that all of the above injuries and damages to the Plaintiff were directly and proximately caused and/or contributed to by the negligence, carelessness, recklessness, and/or gross negligence of Boyd (and possibly John and Jane Doe Defendants A-E) and that, but for the acts and/or omissions of Boyd, Plaintiff's injuries and damages would not have occurred.

22. As a direct and proximate result of Boyd's negligence, carelessness, recklessness, and/or gross negligence, as set forth in each of the preceding paragraphs, Plaintiff is entitled to and demand from Defendant(s), jointly and severally, the following damages;

a. Any and all damages set forth in the preceding paragraphs;

b. Actual Damages;

c. Compensatory Damages;

d. Punitive Damages;

e. Pre-judgment interest in an amount allowed by law, but not less than 8%;

f. Post judgment interest in an amount allowed by law, but not less than 8%;

g. Any and all additional damages allowable by this Honorable Court.

WHEREFORE ALL PREMISES CONSIDERED, Plaintiff, Caroline Mahaffey, requests this Complaint be filed, and that upon trial by Jury of this cause, judgment be entered against the Defendants, Boyd Gaming Corporation and John and Jane Does A-D, jointly and severally, for any and all actual, compensatory, and/or punitive damages to which Plaintiff is entitled. Plaintiff further prays they be rewarded pre-judgment interest and post-judgment interest in the amount of 8% per annum, and/or such other amount as is determined by this Court; fees and costs, including attorneys' fees; and such other general relief to which he may be entitled.

Respectfully submitted, this the 24th day of March, 2014.

CAROLINE MAHAFFEY
PLAINTIFF

By: _____
W. CORBAN GUNN (MSB #101752)

W. Corban Gunn, (MSB #101752)
CORBAN▪GUNN▪VAN CLEAVE LAW FIRM
P.O. Drawer 1916
Biloxi, Mississippi 39533
Telephone: (228) 432-7826
Facsimile: (228) 456-0998
Corban@cgvclaw.com